**UNITED STATES of America,**
**Appellee,**

v.

**Gifford A. PIRNIE and Lillie J. Pirnie,**
**Appellants.**

**No. 72–1148.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 8, 1973.

Decided Feb. 2, 1973.

James W. Hewitt, Lincoln, Neb., for appellants.

Daniel E. Wherry, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before MATTHES, Chief Judge, BRIGHT, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

Appellants, Gifford A. Pirnie and Lillie J. Pirnie, defaulted in payment of several notes, evidencing loans advanced through the Farmer's Home Administration and the United States as the owner and holder of the notes instituted this suit and obtained a judgment against the Pirnies for the balance due on the loans.

Three of the five claims of error presented on this appeal relate to a foreclosure sale of personal property. In their fourth point the appellants submit that the government failed to comply with the provisions of the Uniform Commercial Code, 9-504(3).

The district court has with clarity recorded all of the essential facts and in a soundly reasoned opinion reported at 339 F.Supp. 702 (D.Neb.1972), demonstrated that appellants' defenses to the action were lacking in substance. We agree with the district court, are satisfied that the fact questions were properly resolved on the basis of substantial evidence, and that the court's conclusions were not induced by an erroneous conception of the law.

Neither do we find any prejudice flowing from the failure of the district court to permit the son of appellants to testify. This is the crux of the fifth claim of error. The son's name had not been included in the pretrial report, a requirement of the pretrial order. The only question here is whether the district judge abused his discretion. We find he did not.

Subsequent to the time this appeal was docketed in this court, we appointed James W. Hewitt, Esquire, of Lincoln, Nebraska, to represent appellants in the prosecution of their appeal. Mr. Hewitt has discharged his responsibility in the true traditions of the legal profession. He filed a comprehensive brief and presented oral argument, all without any expectation of being compensated for his services. We commend Mr. Hewitt and express our thanks for his unselfish attitude and untiring efforts.

The judgment is affirmed.